1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9   LONZO HARRIS, | CASE NO. 1:11-cv–00980-BAM PC |
| 10                       Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE |
| 11         v. | DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| 12   BLACKWELL, et al., | |
| | (ECF No. 1) |
| 13                       Defendants. | |
| 14   _____ / | THIRTY-DAY DEADLINE |

15   **I.      Screening Requirement**

16          Plaintiff Lonzo Harris is a state prisoner proceeding pro se and in forma pauperis in this civil

17   rights action pursuant to 42 U.S.C. § 1983.  The complaint in this action was filed on June 15, 2011.

18   (ECF No. 1.)

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23   monetary relief against a defendant who is immune from such relief."  28 U.S.C  § 1915(e)(2)(B).

24   **II.     Discussion**

25          Plaintiff brings this action against Defendants Blackwell, the Americans with Disabilities

26   ("ADA") Department, Avenal State Prison, the chief medical officer and the chief executive officer

27   at Avenal State Prison alleging that after he was transferred to Avenal State Prison, Defendant

28   Blackwell rescinded his DNM DPP Program.  Plaintiff states that his grievance was submitted for

1

1 | third level appeal on June 2, 2011.

2       Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

3 | respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

4 | confined in any jail, prison, or other correctional facility until such administrative remedies as are

5 | available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required

6 | regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper

7 | exhaustion is required so "a prisoner must complete the administrative review process in accordance

8 | with the applicable rules, including deadlines, as a precondition to bringing suit in federal court."

9 | Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378,

10 | 2384 (2006)).

11       The Court takes judicial notice of the fact that the California Department of Corrections and

12 | Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.

13 | 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). At

14 | the time of the incidents alleged in the complaint, four levels of appeal were involved, including the

15 | informal level, first formal level, second formal level, and third formal level, also known as the

16 | "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the

17 | event being appealed, and the process is initiated by submission of the appeal to the informal level,

18 | or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

19       In order to satisfy section 1997e(a), California state prisoners are required to use the available

20 | process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006).

21 | "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."

22 | Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).

23 | "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,

24 | nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S.

25 | at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. If the court

26 | concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

27 | dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira,

28 | 427 F.3d at 1171. In this instance, Plaintiff submitted his appeal to the Director's Level on June 2,

1 | 2011, and this action was filed on June 15, 2011.  The face of Plaintiff's complaint demonstrates that

2 | Plaintiff had not exhausted the administrative grievance procedure, and this action must be dismissed.

3 | 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's

4 | concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347

5 | Fed.Appx. 343 (9th Cir. 2009) (unpublished).

6 | **IV.      Conclusion and Order**

7 |       Accordingly, it is HEREBY ORDERED that Plaintiff show cause why this action should not

8 | be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of

9 | service of this order.  Failure to follow this order will result in the action being dismissed, without

10 | prejudice, for failure to comply with the order of the Court.

11 |       IT IS SO ORDERED.

12 |   **Dated:     April 26, 2012**                                   **/s/ Barbara A. McAuliffe**
                                                                UNITED STATES MAGISTRATE JUDGE

3