# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO HARRIS, | CASE NO. 1:11-cv–00980-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| BLACKWELL, et al., | |
| Defendants. | |

Plaintiff Lonzo Harris is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on June 15, 2011. (ECF No. 1.) On April 26, 2012, the Court screened the complaint and issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 9.) On May 14, 2012, Plaintiff submitted his response to the order to show cause and attached his administrative appeal. (ECF No. 10.)

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). Where the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005); McKinney v. Carey. 311 F.3d 1198,

1200-01 (9th Cir. 2002).

    A review of Plaintiff's administrative appeal shows that the Director's Level decision was not issued until August 31, 2011, more than two months after Plaintiff filed this action.  Because it is clear from the face of Plaintiff's complaint that he had not exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . ."); <u>see also</u> <u>Davis v. Pineda</u>, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

    Accordingly it is HEREBY ORDERED that:

1. This action be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit; and

2. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

Dated:   **May 15, 2012**          /s/ **Barbara A. McAuliffe**
                                                            UNITED STATES MAGISTRATE JUDGE